**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RECEIVED
JUL 1 1 2016

Eric Kashkashian

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Dr. John Marky

Terrence Moore

Josh Buchanan

Christina C. Cregar

Christina A. King

e
t
a
l

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

16    3755

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes   ☐ No
(check one)

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff      Name Eric Kashkashian
ID # 106419
Current Institution Bucks County Corrections
Address 1730 South Easton Road
Doylestown PA 18901

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name Dr John Marky    Shield # Doctor
Where Currently Employed _____
Address 1730 South Easton Road
Doylestown PA 18901

Defendant No. 2    Name Terrence Moore    Shield # Warden
Where Currently Employed Bucks County Corrections
Address 1730 South Easton Road
Doylestown PA 18901

Defendant No. 3    Name Josh Buchanan    Shield # P.D.
Where Currently Employed Bucks County Corrections
Address 100 N. Main Street
Doylestown PA 18901

Defendant No. 4    Name Christine C. Cregar    Shield # P.D.
Where Currently Employed Bucks County Corrections
Address 100 N. Main Street
Doylestown PA 18901

Defendant No. 5    Name Christina A. King    Shield # P.D.
Where Currently Employed Bucks County Corrections
Address 100 N. Main Street
Doylestown PA 18901

II.   **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? _____
Bucks County Corrections

B.   Where in the institution did the events giving rise to your claim(s) occur?
Mental Health department, Bucks County Corrections

C.   What date and approximate time did the events giving rise to your claim(s) occur? _____

*Rev. 10/2009*      - 2 -

October 15, 2015 - October 16, 2015

**What happened to you?**

D.    Facts: After months of writing inmate request slips to the public defenders department, then the Mental Health department in Bucks County Corrections On the 15th of October, I was called to Dr John Marky of Mental Health departments office, I was told I was being involuntary transfered to Norristown State Hospital. Without a timely notice, by the public defenders or the Corrections services Doctor, that I was "incompentent" there was no hearing, or any realeased information to the defendent. I was violated of my state protected

**Who did what?**

Liberty. In under 12 hours I was transfered, Involuntary. - Under the color of State Law -

**Was anyone else involved?**

During my stay at Norristown State Hospital, I was assulted three times, October 22, 2015, and November 8th, 2015. I was assulted twice, Three times by the same person. I was put in harms way from being transfered. Along with my rights being violated.

**Who else saw what happened?**

- Dr.John Marky, Terrence Moore, Josh Buchanan -
- Christina C. Creger, Christina A. King -

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

I sustained hand injuries, hip displacement, during the assult.

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that " [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✗   No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Bucks County Corraction, Norristown State Hospital

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know ✗

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know ✗

If YES, which claim(s)? _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ✗

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ✗   No ____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? Norristown State Hospital/about the assult

1.   Which claim(s) in this complaint did you grieve? being assulted/ being involuntary transferred.

2.   What was the result, if any? Zero

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. N/A Clerk of Courts Appeal for Involuntary Transfer (Motion).

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here: _____

        _I was already transfered to the State Hospital_

        _I could not take action due to transfer._

        2.      If you did not file a grievance but informed any officials of your claim, state who you
                informed, when and how, and their response, if any: _____

        _Dr Marky, I asked "why had NO one tell me_
        _any information. He had no response._

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative
        remedies. _____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

V.      **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). _Compensation lists as follows:_
_One Million (1,000,000) dollars, per every time my_
_14th Amendment was violated (I count SIX times) = 6,000,000."_
_dollars_

Dr. Marky, three Million (3,000,000.) No notice, No hearing, Information withheld, 3-counts = (3,000,000.) dollars

Public defenders department, three Million (3,000,000.) dollars No notice, No hearing, Information withheld, 3-counts

Four Million (4,000,000) dollars, pain, suffering, Mental anguish

Total = Ten Million (10,000,000) dollars

Vitek V. Jones 445 U.S. 480, 494-95, 100 S.Ct 1254 1264-65 63 L.Ed 2.d 552,566 (1980) Under Vitek the State must adequately protect your liberty interests in the Transfer process

Vitek V. Jones 445 U.S. 110 S.Ct 1028, 108 L.Ed 2d 178 (1980) See eg. Washington V. Harper 494 U.S. 210 235 110 S.Ct 1028, 1044 108 L.Ed 2d, 178, 207 (1990)

Palbon V. Wright 459 F.3d 241 (2d Cir 2006)

Total = Ten Million (10,000,000) dollars

VI.     **Previous lawsuits:**

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No X

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

        1.      Parties to the previous lawsuit:

        Plaintiff _____

        Defendants _____

        2.      Court (if federal court, name the district; if state court, name the county) _____

        3.      Docket or Index number _____

On these claims

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?   Yes ____ No ____

     If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

     _____

     _____

<table>
<tr><td>On<br>other<br>claims</td></tr>
</table>

C.   Have you filed other lawsuits in state or federal court?

     Yes ____ No ✗

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

     Plaintiff _____

     Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?   Yes ____ No ____

     If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

     _____

     _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __7__ day of __July_____, 20 16 .

                                          Signature of Plaintiff _____

                                          Inmate Number __106919_____

Institution Address _Bucks County Corrections_
_1730 S. Easton Road_
_Doylestown, PA 18901_

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _7_ day of _July_ , 20 _16_ , I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff _____

*Rev. 10/2009*        - 8 -

## VERIFICATION

I verify that the foregoing is true and correct, to the best of my knowledge, information and belief. I understand that false statements herein, are made subject to the penalties of **18 Pa. C.S.A. §4904** (relating to unsworn falsification to authorities)

Respectfully submitted,

Date: 7/6/16

(Print name) Eric Kashkashian

(Inmate No.) 106419





*Mental Health evaluation*

*I was found to be competent*

**pennsylvania**
DEPARTMENT OF HUMAN SERVICES

Date:  March 11, 2015

Competency Evaluation

Re:    Eric Kashkashian

Dear Honorable Judge Hoge:

At your request, I performed a psychiatric evaluation of the defendant, Eric Kashkashian at the Bucks County Correctional Facility on Sunday, March 8, 2015. My examination of him began at approximately 1:00 pm and ended at approximately 2:00 pm. The purpose of this evaluation was to determine his competence to stand trial.

Prior to my examination of him, I reviewed the several documents that you sent. They consisted of:

1.  Outpatient competency evaluation referral.

2.  Court order for competency evaluation, signed by Judge Hoge.

3.  Police Criminal Complaint.

4.  Correctional Facility Medical Records.

At the beginning of my examination of the defendant, I explained the purpose of the examination, and that my findings would not be confidential. I explained that my findings would be released to you, and could be referenced in any hearings that might occur. I informed Mr. Kashkashian that I would not be involved in his treatment. I explained that the usual doctor-patient confidentiality does not apply to this examination. The following are my findings and conclusions regarding the psychiatric evaluation of this defendant.

**Identifying Data:**

The defendant is a 38 year old, Caucasian, single male. He said he had no children. He was dressed in a prison jumpsuit, and had a picture ID wristband.

**Data Regarding Competence to Stand Trial:**

The following is the information given to me by the defendant during this examination in response to the questions I asked him.

Eric Kashkashian                    Competency Evaluation                              7

## Conclusions:

The following are my conclusions regarding this defendant, to a reasonable degree of medical certainty, based upon the above history and findings. It should be noted that Mr. Kashkashian carries multiple diagnoses. I think the most appropriate one is schizo-affective disorder because he has irritable mood and pressured speech, along with delusions about the police.

1. It is my judgment that this defendant presently does have the ability to understand the proceedings against him. He was adequately able to describe the charges against him, the possible sentence he faces, the roles of the various people in the courtroom, the process of plea bargaining, and the part he plays in his trial.

2. It is my judgment that this defendant presently does have the ability to assist in the preparation of his defense regarding the criminal action against him. This is less clear, however, since he is delusional about the police lying about him. He was, however, able to entertain the idea of a plea agreement, if suggested by his PD. He was able to think clearly in a consistent manner. He is able to answer questions appropriately most part of the time, although he did refuse a number of questions. He was able to carry on a normal conversation except when talking about the injustice he felt he experienced. He was able to relate to me appropriately in today's examination. He is able to put his thoughts into words.

3. Based upon above two conclusions, it is my judgment that this defendant presently is psychologically and medically competent to stand trial. There is a caveat, however, which is that he is not currently on medications for his mental disorder, and could conceivably deteriorate. This deterioration might manifest as disorganization, or an increase in his level of paranoia or both

If I can address any further issues for you, or clarify any questions, I will be glad to do so in writing or on the record. Thank you for the opportunity to examine this interesting case and to address these interesting questions; I do give you my consent to release this report to any appropriate party concerned with this particular legal matter.

Respectfully submitted,

*Carla Rodgers MD*

Carla Rodgers, MD
Board Certified in General Psychiatry and Forensic Psychiatry

EXHIBIT

B

<u>Court of Common Pleas</u>
<u>Bucks County, Pennsylvania</u>

Commonwealth of Pennsylvania     Bill No. <u>3277-2015</u>
              v.                      <u>2803-2015</u>
    Eric Kashkodian

<u>Motion for appeal for involuntary transfer.</u>

<u>On Friday, October 16th 2015 I was transfered</u>
<u>to Norristown State Hospital, 1001 Sterigerest</u>
<u>Norristown, PA 19401</u>

<u>On the 15th of October 2015. Dr Mark-y of the</u>
<u>Bucks County Corrections mental Health department</u>
<u>called me to his office, letting me know I would be</u>
<u>transfering to Norristown State Hospital on the 16th of</u>
<u>October because I was found incompetent per his</u>
<u>evaluation. The public defenders office failed to inform</u>
<u>me I was found incompetent, along with the Doctors.</u>

<u>Nor the public defenders office or the doctors offered</u>
<u>me information or options, like staying Bucks County</u>
<u>Corrections and taking the recomended medication. Per</u>
<u>Palbon V Wright 459 F.3d 241 (2d Cir 2006) holding</u>

that prisoners constitutionally protected liberty intrest in refusing medical encompasses a right to receive information that would enable a reasonable person to make that decision. Vitek V. Jones, 445 U.S. 110 S. Ct 1028, 108 L. Ed 2d 178 (1980) see eg Washington v. Harper 494 U.S. 210 235 110 S Ct 1028, 1044, 108 L. Ed 2d 178, 207, (1990) reviewing a Washinton State policy which required a hearing and notice of that hearing. A hearing and written notice are two common examples of procedures that may be required including before a prisoner can be involuntary committed to a psychiatric hospital. Vitek V. Jones, 445 U.S. 480, 494-95, 100 S. Ct 1254 1264-65 63 L. Ed 2d 552, 566 (1980) Under Vitek the state must adequately protect your liberty interests in the transfer process by providing

    1. Written notice that the prison is considering your transfer

    2. A hearing

    3. An opportunity to present witness testimony and cross-examine state witnesses at the hearing

4. An independent decision maker

5. A written statement by the decision maker stating the reasons and evidence relied on for your transfer.

6. "Qualified and independent assistance" from the state if you can not afford you own.

7. effective and timely notice.

In March or April of 2015, I was given a mental health evaluation before my preliminary hearings by an unknown doctor. I was found competent.

In June or July of 2015, the public defenders office filed for yet another mental health evaluation from the courts. This time a Doctor John Marky provided the evaluation from the Bucks County Corrections mental health department. Who I believe is bias due to his conduct. I complyed to yet another evaluation, but protested with "WHY".

I would also like to include that I wrote to the public
defenders office before the preliminary hearing and
after, more then 25 times trying to speak with someone
In June I met and spoke to Josh Buchanon of the
public defenders office for less then 5 minutes, he let
me know they were putting both of my cases
2803-2015 and 3277-2015 together. I told him I
did not want that, "no" this is not the best option.
Due to not having my full discovery, They put the
cases together anyway. I feel the public defenders
office is bias, and is not looking out for my best
intrestes due to conduct.

WHEREFORE, defendant requests this Court to

(a.) Order the defendent be brought back
to Bucks County Correction, 1730 S. Easton Rd
Doylestown, PA 18901

(B) Apoint new counsel

(C) The defendent have the availibilty to
review mental health evaluation done in
March or April, where as, I was found
competent, along with other information.

(D) Order hearing, with opportunity to present evidence

(E) If needed order new evaluation, not done by the Bucks County Corrections mental health department, done by an independent doctor.

Respectfully submitted

11/1/2015

Eric Koshkoshian, Pro Se

EXHIBIT

C

INMATE REQUEST FORM

B.C.P. Number

106419

**ALL INMATES FILL IN THIS SECTION**

Name   (Last, First)
Kashkadian Eric

Date
2/18/15

Module and Cell Number
G21

Admission Date
12/26/14

I would like to see ___ Public defender

I need to see that staff person because ___ I have my prelim coming up and want to speak with my public defender. Please get in touch with me so we can talk. Thank you

My Prelim is on the 26th
Eri~

Signature of Inmate

*Do Not Write Below This Line*

Date request answered:

Answer: An attorney has not yet been assigned for your on next week. If you have a specific question about your case, please write another slip. Otherwise the attorney will meet you at

Refferal Sent To: your preliminary hearing

Return To: ___                    Module & Cell # ___

Signature of Staff Person ___

BCCF 194 REV. 10/04

B.C.P. Number

106419

## ALL INMATES FILL IN THIS SECTION

| Name (Last, First) | Date |
|---|---|
| Kaehashian Eric | 7/17/15 |

| Module and Cell Number | Admission Date |
|---|---|
| G-32 | 12/26/14 |

I would like to see ___ Public Defender

I need to see that staff person because ___

I still have not gotten my Discovery
I would like to speak with my
Public defender's ASAP

Thank you

Signature of Inmate

### Do Not Write Below This Line

Date request answered: ___

Answer: ___

Refferral Sent To: ___

Return To: ___ Module & Cell # ___

Signature of Staff Person ___

BCCF 194 REV. 10/04

INMATE REQUEST FORM

B.C.P. Number

606419

**ALL INMATES FILL IN THIS SECTION**

Name (Last, First)  Kazkazhan Eric

Date 8/31/15

Module and Cell Number  G-16

Admission Date 12/26/14

I would like to see  Public defender

I need to see that staff person because  Since the 3rd of July I've sent mupitil Green slips trying to get in contact for my public defender for Case # CP-09-CR0008548-2012 Arrest date 11/6/2012

I need a copy of the discovery.

Signature of Inmate

*Do Not Write Below This Line*

Date request answered:

Answer:  Sent Discovery

Refferral Sent To:

Return To: _____ Module & Cell #

Signature of Staff Person

BCCF 194 REV. 10/04

B.C.P. Number

106419

**ALL INMATES FILL IN THIS SECTION**

Name   (Last, First)

Kashkashian Eric

Date 9/17/15

Module and Cell Number

G-22

Admission Date 12/26/14

I would like to see _____ Public defender

I need to see that staff person because I want to get evidence for my case.

Phone records
Bank records
Hospitial records

this is my 20th greenslip about talking to public defender

Signature of Inmate

*Do Not Write Below This Line*

Date request answered: _____

Answer: _____

Refferral Sent To: _____

Return To: _____ Module & Cell # _____

Signature of Staff Person _____

BCCF 194 REV. 10/04

# INMATE REQUEST FORM

B.C.P. Number

106419

**ALL INMATES FILL IN THIS SECTION**

Name   (Last, First)

Kashkashian Cric

Date  9/16/15

Module and Cell Number

G-22

Admission Date 12/26/14

I would like to see ____ Dr Marky

I need to see that staff person because ____ I'd like to speak with you if you could get up a time to talk that would be great.

Signature of Inmate

**Do Not Write Below This Line**

Date request answered: ____

Answer: You will be seen Next Week

Refferal Sent To: ____

Return To: ____ Module & Cell # ____

Signature of Staff Person ____

BCCF 194 REV. 10/04

## INMATE REQUEST FORM

B.C.P. Number

106419

**ALL INMATES FILL IN THIS SECTION**

Name  (Last, First)
Kashkashian Eric

Date 9/19/15

Module and Cell Number
G-22

Admission Date 12/26/14

I would like to see _____ Dr. KarKay / Mental Health

I need to see that staff person because _____ I'd like to speak with
the Dr.

Eric

Signature of Inmate

*Do Not Write Below This Line*

Date request answered:

Answer: You Will be Seen this Week.

Reffernal Sent To: _____

Return To: _____  Module & Cell # _____

Signature of Staff Person _____

BCCF 194 REV. 10/04

B.C.P. Number

106419

## ALL INMATES FILL IN THIS SECTION

Name (Last, First) Kashkashian Eric

Date 9/30/15

Module and Cell Number C-22

Admission Date 12/26/14

I would like to see ___ Dr Marty

I need to see that staff person because ___ I'd like to speak with the Dr Please

Thank you

Signature of Inmate

*Do Not Write Below This Line*

Date request answered:

Answer: Someone Will See You Soon

Refferral Sent To: ___

Return To: ___  Module & Cell # ___

Signature of Staff Person ___

BCCF 194 REV. 10/04