IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC KASHKASHIAN,

              Plaintiff,

     v.

DR. JOHN MARKEY, JOSH BUCHANAN,
CHRISTINA C. CREGAR, CHRISTINA A.
KING, DR. ABBEY CASSIDY, PATRICIA
SNYDER and BLAKE JACKMAN,

              Defendants.

CIVIL ACTION
NO. 16-3755

**MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                             **November  17, 2017**

## I.     INTRODUCTION

Plaintiff filed a Complaint in this matter on July 29, 2016, and subsequently filed

an Amended Complaint on March 1, 2017, against Defendants Markey, Buchanan,

Cregar, King, Jackman, Cassidy and Snyder. Plaintiff was then permitted to file a

Supplemental Amended Complaint on April 28, 2017. Plaintiff brings a cause of action

pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right to due

process. All Defendants have moved to dismiss Plaintiff's Amended Complaint. For the

reasons that follow, I will grant Defendants' Motions to Dismiss.

## II.    FACTS

Plaintiff brings a cause of action against several mental health providers and several

employees of the public defender's office for their alleged role in his transfer to

Norristown State Hospital. While Plaintiff was incarcerated, Dr. Markey performed a

psychological evaluation on August 17, 2015, at the request of Defendant Jackman, his

public defender, for the purpose of determining whether Plaintiff was competent to stand trial. (Complaint, ¶ 25.) Plaintiff alleges that Dr. Markey contacted Plaintiff's brother to obtain "collateral information" to use in the psychological evaluation prior to Plaintiff signing an authorization for disclosure of his medical information, and that Dr. Markey failed to disclose to Plaintiff that he had contacted his brother. (Id., ¶¶ 24, 25.) Plaintiff alleges that Dr. Markey found Plaintiff incompetent to stand trial, and according to the docket in Plaintiff's criminal case, he was ordered to be committed and transferred to Norristown State Hospital by the Honorable Wallace Bateman, Jr., on October 6 and 7, 2015. (Docket No. 22, Ex. A.) Plaintiff was transferred there on October 16, 2015, and remained there until January 29, 2016. (Compl., ¶ 29.)

Plaintiff also claims that around August 16, 2016, pursuant to an August 8, 2016 order of court, he underwent a fourth psychological evaluation with Defendant Patricia Snyder. (Id., ¶ 40.) Plaintiff claims Defendant Snyder failed to disclose to him that she was an intern and not a doctor. (Id.) Plaintiff claims that after that evaluation, he had a competency hearing on around October 17, 2016, at which time Defendant Dr. Cassidy, who co-signed Defendant Snyder's psychological evaluation, testified that he was paranoid and delusional. (Id., ¶ 48.)

As to Defendant King, Bucks County Public Defender, Defendants Buchanan and Cregar, attorneys employed in the Public Defender's Office and court-appointed counsel Defendant Jackman, Plaintiff alleges multiple constitutional violations against them for the legal process by which he was transferred to Norristown State Hospital.

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Burtch v. Millberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 678).  While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Connelly v. Lane Construction Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679); see also Burtch, 662 F.3d at 221; Malleus v. George, 641 F.3d 560, 563 (3d. Cir. 2011); Santiago v. Warminster Township, 629 F.3d 121, 130 (3d. Cir. 2010).

Plaintiff presents a Fourteenth Amendment due process claim, which requires him to prove that he was deprived of a protected liberty or property interest without the process and procedures required by the Constitution. See Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000). Plaintiff's allegations involve psychological evaluations that were conducted to determine if he was competent to stand trial, the information that was gathered in the course of those evaluations, and his transfer to Norristown State Hospital. In Vitek v. Jones, the Supreme Court held that a prisoner has a cognizable Fourteenth Amendment claim against state officials when the prisoner is involuntarily transferred to a mental hospital. 445 U.S. 480 (1980). A proper transfer to a mental hospital must include the following procedure: 1) written notice; 2) a hearing; 3) an opportunity to present testimony and to confront and cross-examine witnesses; 4) an independent fact finder; 5) a written statement by the fact finder; 6) availability of counsel; and 7) effective and timely notice. Vitek, 445 U.S. at 494.

## IV.    DISCUSSION

### A.    Defendants Markey and Cassidy

Plaintiff alleges Dr. Markey violated his Fourteenth Amendment due process rights by advocating for his transfer to Norristown State Hospital, for gathering and releasing "collateral information" from Plaintiff's brother without Plaintiff's authorization in violation of HIPAA and by including information supplied by Plaintiff's brother in the mental health evaluation. In response, Dr. Markey argues that Plaintiff does not allege that Dr. Markey actually transferred him to Norristown State Hospital; rather, Plaintiff alleges that Dr. Markey conducted the evaluation that determined Plaintiff was incompetent to stand trial. I agree with Dr. Markey, and find that the mere act of

4

performing a medical examination and finding Plaintiff incompetent does not equate to a transfer to a mental hospital. Vitek contemplates potential Fourteenth Amendment liability for a **transfer** to a mental hospital, not for the process of determining competency for trial. As Dr. Markey was not the individual who actually made the determination that Plaintiff should be transferred, he cannot be found to have violated Plaintiff's due process rights. Plaintiff's actual commitment and transfer was ordered by Judge Bateman, not Dr. Markey.

Plaintiff also alleges that Dr. Markey gathered information from his brother to be used in the psychological evaluation without Plaintiff's authorization; however, this does not constitute a valid claim for a Fourteenth Amendment violation. HIPAA, which deals with access to protected health information, does not provide a private cause of action and therefore is not a cognizable Fourteenth Amendment claim. See Dade v. Gaudenzia DRC, Inc., 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013) (finding that Plaintiff could not bring a private action to enforce HIPAA obligations, whether through the statute itself or through §1983.) Accordingly, Plaintiff's Fourteenth Amendment claim based on alleged HIPAA violations will be dismissed with prejudice.

As to Dr. Cassidy, Plaintiff alleges that she violated his constitutional rights by advocating for his transfer to Norristown without following the procedures set forth in Vitek. Specifically, he alleges that Dr. Cassidy testified at his competency hearing and co-signed the psychological evaluation that was conducted by an intern rather than a medical doctor. However, according to the complaint, at the time of the evaluation co-signed by Dr. Cassidy and her testimony at Plaintiff's hearing, Plaintiff had already been returned to jail from Norristown State Hospital. Plaintiff was transferred to Norristown

5

State Hospital in October of 2015 and returned to Bucks County Correctional Facility in January of 2016. Dr. Cassidy's conduct occurred in August of 2016. Plaintiff alleges that Dr. Cassidy's testimony and/or evaluation will eventually lead to his transfer back to Norristown State Hospital. However, Plaintiff fails to allege that he has been transferred **because of** Dr. Cassidy's evaluation or testimony. Therefore, Plaintiff fails to allege a Fourteenth Amendment violation, as he does not allege that Dr. Cassidy was responsible for his actual transfer.

Plaintiff also requested a preliminary and permanent injunction ordering Drs. Markey and Cassidy to withdraw "wrongfully gathered information" and to withdraw the evaluation done on August 16, 2016. A prisoner has the right to have erroneous information removed from their prison record if they can show that the erroneous information was relied upon to deprive them of a constitutional right. See McCrery v. Mark, 823 F.Supp. 288, 292 (E.D.Pa. 1993). In order to be entitled to removal of erroneous information, Plaintiff must show: 1) the information is in his file; 2) the information is false; and 3) the information is relied on to a constitutionally significant degree. Id. The presence of erroneous material becomes actionable under section 1983 only when the prisoner can show that a defendant refused under the color of state law to remove the erroneous information. Id. at 295-96.

In the instant matter, Plaintiff has failed to plead that the information in question is erroneous. To the contrary, he merely claims the information was "wrongfully gathered." Therefore, he has no right to removal of the information from his record. Further, Plaintiff has failed to plead that he requested removal or withdrawal of the false

information and that request was denied. Accordingly, Plaintiff has pled insufficient facts to support his request for injunctive relief.

### B. Defendant Snyder

As to Defendant Patricia Snyder, Plaintiff claims that in August of 2016, she completed a psychological evaluation on Plaintiff and failed to disclose that she was an intern rather than a doctor. (Compl., ¶ 40.) Plaintiff further alleges that Snyder copied and pasted information obtained by Dr. Markey in violation of Plaintiff's HIPAA rights into her August 16, 2016 evaluation. (Compl., ¶ 64.) Plaintiff claims that this evaluation was used for the determination of Plaintiff's competency at a hearing before Judge McMaster in October of 2016. (Compl., ¶ 48.)

As discussed above, the deprivation of liberty contemplated in Vitek is the **transfer** to a mental hospital, not the psychological evaluation undertaken to determine if a prisoner is competent to stand trial. Plaintiff does not allege Snyder **transferred** him to Norristown State Hospital; he merely alleges that Snyder, as an intern, conducted a psychological evaluation on him. Accordingly, Plaintiff's allegations as to Snyder are insufficient to constitute a cognizable claim for Fourteenth Amendment due process violations.

Further, when Snyder performed her evaluation on Plaintiff, he had already been returned to prison from Norristown State Hospital. Plaintiff does not allege that he has been transferred back to Norristown State Hospital as a result of Snyder's August of 2016 evaluation and report. Therefore, Plaintiff has not suffered any deprivation of his liberty or been deprived of any due process and any constitutional violation as to Defendant Snyder must fail.

### C. Defendants Buchanan, Cregar, King and Jackman

As to Defendants Buchanan, Cregar, King and Jackman, all attorneys in the Bucks County Public Defender's office, Plaintiff brings section 1983 claims against them for their involvement in his transfer to Norristown State Hospital. To state a claim under Section 1983, a plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). However, a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981). As Defendants Buchanan, Cregar, King and Jackman were not acting "under color of state law," Plaintiff cannot maintain a section 1983 claim against them. Accordingly, they are dismissed from this action with prejudice.

## V. CONCLUSION

The Amended Complaint in its current form fails to state a claim against Defendants Markey, Cassidy and Snyder upon which relief may be granted. However, Plaintiff will be given one last final opportunity to file an amended complaint as to Defendants Markey, Cassidy and Snyder **only**. I permit this amendment as to these defendants mindful of the fact that in civil rights cases pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher–Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d

Cir.2004). Accordingly, Plaintiff will be given one final opportunity to correct the deficiencies in his pleading as to Defendants Markey, Cassidy and Snyder. I will dismiss the complaint with prejudice as to Defendants Buchanan, Cregar, King and Jackman, and I will dismiss Plaintiff's Fourteenth Amendment claims based on alleged HIPAA violations with prejudice. However, I will dismiss the amended complaint without prejudice as to Defendants Markey, Cassidy and Snyder, and Plaintiff may file an amended complaint as to these three defendants only if he can do so in compliance with the Federal Rules of Civil Procedure.