IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC KASHKASHIAN, | CIVIL ACTION |
| | NO. 16-3755 |
| Plaintiff, | |
| v. | |
| DR. JOHN MARKEY, *et al*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS**                                                                           **September  22, 2020**

**I.      INTRODUCTION**

Plaintiff filed a Complaint in this matter on July 29, 2016, and subsequently filed an Amended Complaint against Defendants Markey, Buchanan, Cregar, King, Jackman, Cassidy and Snyder. Plaintiff was then permitted to file a Supplemental Amended Complaint on April 28, 2017, and another Amended Complaint on February 1, 2018. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right to due process against Defendant Dr. Markey, the only remaining defendant. Dr. Markey has moved to dismiss Plaintiff's Amended Complaint. For the reasons that follow, I will grant Defendant's motion and dismiss this matter with prejudice.

**II.     FACTS**

Plaintiff originally brought this case against several mental health providers and several employees of the public defender's office for their alleged role in his transfer to Norristown State Hospital. After motions practice, Defendant Dr. Markey is now the only

remaining defendant in this matter. While Plaintiff was incarcerated, Dr. Markey, licensed psychologist, performed a psychological evaluation for the purpose of determining whether Plaintiff was competent to stand trial. (Compl., ¶ 25.) Plaintiff alleges that Dr. Markey found Plaintiff incompetent to stand trial, and according to the docket in Plaintiff's criminal case, he was ordered to be committed and transferred to Norristown State Hospital by the Honorable Wallace Bateman, Jr., on October 6 and 7, 2015. (Docket No. 22, Ex. A.) Plaintiff was transferred there on October 16, 2015, and remained there until January 29, 2016. (Compl., ¶ 29.)

Plaintiff's final Amended Complaint against Dr. Markey was filed on February 1, 2018. This final Amended Complaint sets forth the same purported 42 U.S.C. § 1983 claims with respect to alleged violations of Plaintiff's Fourteenth Amendment right to due process as Plaintiff's previous complaints.

Plaintiff's Amended Complaint alleges that Dr. Markey violated his Fourteenth Amendment due process rights by wrongfully advocating for Plaintiff's transfer to the Norristown State Hospital without consideration of Supreme Court requirements under *Vitek v. Jones*, 445 U.S. 480 (1980). Amended Compl. ¶ 40, 42. Plaintiff alleges Dr. Markey performed a psychological evaluation, found Plaintiff incompetent to stand trial and advocated for Plaintiff to "be committed to a state hospital in an effort to assist in restoration of competency.'' Amended Compl. ¶ 9. On or about October 6, 2015, Judge Wallace Bateman, Jr. entered an order for Plaintiff to be committed pursuant to 402 of the Mental Health Procedures Act. Amended Compl. ¶ 17. On October 7, 2015, Judge Bateman entered an order for Plaintiff to be transferred to Norristown State Hospital.

Amended Compl. ¶ 18. Plaintiff was then transferred to Norristown State Hospital on or about October 16, 2015, where he remained until he was released on January 29, 2016. Amended Compl. ¶ 21.

Plaintiff's claims against Dr. Markey in his final Amended Complaint, and the facts alleged in support thereof, are identical to the claims against Dr. Markey in his previous complaints, which I found failed to state a cognizable claim against Dr. Markey.

### III.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 678).  While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not

3

entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

## IV.   DISCUSSION

Plaintiff presents a Fourteenth Amendment due process claim, which requires him to prove that he was deprived of a protected liberty or property interest without the process and procedures required by the Constitution. *See Shoats v. Horn*, 213 F.3d 140 (3d Cir. 2000). Plaintiff's allegations involve psychological evaluations that were conducted to determine if he was competent to stand trial and his transfer to Norristown State Hospital. In *Vitek v. Jones,* the Supreme Court held that a prisoner has a cognizable Fourteenth Amendment claim against state officials when the prisoner is involuntarily transferred to a mental hospital. 445 U.S. 480 (1980). A proper transfer to a mental hospital must include the following procedure: 1) written notice; 2) a hearing; 3) an opportunity to present testimony and to confront and cross-examine witnesses; 4) an independent fact finder; 5) a written statement by the fact finder; 6) availability of counsel; and 7) effective and timely notice. *Vitek*, 445 U.S. at 494.

Plaintiff alleges Dr. Markey violated his Fourteenth Amendment due process rights by advocating for Plaintiff's transfer to Norristown State Hospital without consideration of the procedures set forth in *Vitek*. Plaintiff's allegations are identical to his allegations

4

against Dr. Markey in his previous complaint. In granting Dr. Markey's previous Motion to Dismiss, I stated:

> I agree with Dr. Markey, and find that the mere act of performing a medical examination and finding Plaintiff incompetent does not equate to a transfer to a mental hospital. *Vitek* contemplates potential Fourteenth Amendment liability for a transfer to a mental hospital, not for the process of determining competency for trial. As Dr. Markey was not the individual who actually made the determination that Plaintiff should be transferred, he cannot be found to have violated Plaintiff's due process rights. Plaintiff's actual commitment and transfer was ordered by Judge Bateman, not Dr. Markey.

ECF No. 42. Plaintiff's current Amended Complaint alleges no new facts or law to support his claim. As such, like his prior complaints, Plaintiff's Amended Complaint fails to state a cognizable claim against Dr. Markey and should be dismissed with prejudice.

## V.     CONCLUSION

The Amended Complaint again fails to state a claim against Dr. Markey upon which relief may be granted. Plaintiff was given multiple opportunities to file a pleading in compliance with the Federal Rules of Civil Procedure and has failed to do so. Accordingly, Plaintiff's Amended Complaint will be dismissed with prejudice.